UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re GREGORY SCHMIDT,<br><br>　　　　Debtors.  | District Case No. 2:23-cv-00233-DJC<br><br>Bankr. Case No. 20-25614-A-7 |
| GREGORY SCHMIDT,<br><br>　　　　Appellant,<br><br>　　v.<br><br>SPENCER T. MALYSIAK PROFIT SHARING PLAN,<br><br>　　　　Appellee. | Bankr. Adversary Case No. 21-02018-A<br><br><br>ORDER |

Appellant Gregory Schmidt has filed a Motion for Reconsideration of the Court's prior order denying his appeal of the Bankruptcy Court's order and judgment.[1]  Appellant argues that "[the Court's] holding is illogical and not probable" and that the elements required for a debt to be excepted from discharge under 11 U.S.C. § 523(a)(2) were not met.

---

[1] While stated to be a "Motion to Reconsider Rule 60(b)(1)", as the Court is sitting in its capacity as the court of appeal from the Bankruptcy Court's decision, the motion is construed to be intended as a Motion for Rehearing under Federal Rule of Bankruptcy Procedure 8022.  For simplicity, the Court will continue to refer to it as Appellant's "Motion to Reconsider".

1

For the reasons set forth below, Appellant's Motion for Reconsideration (ECF No. 22) is denied.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8022 permits a party to seek rehearing by the District Court or BAP.  Fed. R. Bankr. P. 8022.  Such a motion "must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion."  Fed. R. Bankr. P. 8022(a)(2).  A petition for rehearing is "designed to ensure that the appellate court properly considered all relevant information in rendering its decision." *In re Hessco Industries, Inc.*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) (citing *Armster v. U.S. District Court, C.D. Cal.*, 806 F.2d 1347, 1356 (9th Cir.1986)).  "[It] is not a means by which to reargue a party's case." *Id.* (citing` *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir.1962)).  Instead, the moving party must "identify any error in the district court's order dismissing his appeal."  *In re Kenny G Enterprises, LLC*, 708 Fed. Appx. 390, 390 (9th Cir. 2017).

## DISCUSSION

### I.     "High Loan-to-Value" Language

Appellant's Motion is denied as it relates to the significance of the "high loan-to-value" language as Appellant has not shown the court "overlooked or misapprehended" any issue of fact or law.  Appellant contends that the Court erred in holding that the "high loan-to-value" language was ambiguous.[2] (*Id*. at 2–4.)  As Appellant has done previously, he again argues that this language was not ambiguous and that the Court "did not understand Real Estate Financing" sufficiently to understand the meaning of the "high loan-to-value" statement.  (*Id*. at 2–3.)  The Court

---

[2] Appellant states that "[t]he court has erred in finding there is any ambiguity when the language is taken as a whole." (Appellant's Mot. at 4.)  As a matter of clarification, the Court made no such finding.  The Court reviewed the decision of the Bankruptcy Court to determine if it was clearly erroneous and found it was not.  (*See* ECF No. 20 at 10–12.)  The Court did not make its own finding that the "high loan-to-value" language in the Note was ambiguous.

2

has already considered Appellant's arguments on this point and found the Bankruptcy Court's decision to not be clearly erroneous.

In Appellant's original briefing, he raised this same argument, claiming that it is impossible Appellee was unaware that the Note was not in first position due to the inclusion of the "high loan-to-value" language.  (Appellant's Br. (ECF No. 5) at 19.)  However, he provided no support for that assertion, only stating in conclusory fashion that it would be "logically inconsistent for Appellee to believe the note to be in the first position at 27% of the purchase price and also be considered a high loan to value note." (*Id.*)  At oral argument, Appellant continued to argue the "high loan-to-value" language had only one possible interpretation and that as a result, Appellee must have known that the Note was not in first position.  The Court encouraged Appellant to explain his position instead of simply repeating that the Appellee must have been aware the Note was not in first position due to this language.  Appellant was unable to do so.

Appellant has still not provided an explanation for why the inclusion of the "high loan-to-value" statement should be dispositive.  In its order, the Court provided a detailed discussion of the "high loan-to-value" language that contained explanations of why the inclusion of this language in the Note did not conclusively establish that the Note was not in first position. (*See* ECF No. 20 at 10–11.)  Appellant does not seek to refute any part of the discussion or explanations.  Instead, he repeats that it is "factually impossible" that Appellee's Note was in first position and that if it were actually in first position, the "high loan-to-value" language would not be included.[3] (Appellant's Mot. at 3.)  Despite being given every opportunity to do so, Appellant has continually failed – both before this Court and the Bankruptcy Court – to provide a

---

[3] The Appellant also asserts that the Court "failed to read the [high loan-to-value] statement in its entirety and cut off the last few words."  Appellant claims that the actual language says, "in consideration of the high loan to value ratio with respect to the real property securing this note" (Appellant's Mot. at 2–3), but this is identical to the language quoted in the Court's order.  (*See* ECF No. 20 at 10 ("[i]n consideration of the high loan to value ratio with respect to the real property securing this Note . . . .").)

substantive explanation for why he believes this language should be dispositive. He is still unable to provide a reasoned explanation for why the "high loan-to-value" language conclusively establishes that Appellant's Note could not be in first position.

The Bankruptcy Court found the "high loan-to-value" language to be ambiguous and this Court's review found that to not be clearly erroneous. Appellant reargues the same points he previously raised and has not shown that the Court failed to consider all relevant information. *See In re Hessco Industries*, 295 B.R. at 375. Thus, Appellant's Motion for Reconsideration is denied as it relates to the "high loan-to-value" language.

## II.     Intent

Appellant's motion is denied as it related to Appellant's second argument that "Appellee has shown no actual 'intent to deceive' on the part of Appellant" as this was not one of the issues raised on appeal. (Appellant's Mot. at 4–5.) As stated by Appellant in his opening brief, Appellant's appeal raised three issues:

> I. Whether the Bankruptcy Court abused its discretion in determining there was a valid debt on an 11-year-old judgment that was not timely renewed.
> II. (A) Whether the bankruptcy court abused its discretion in finding debtor committed Fraud under 11 USC 523 (a) 2 (a), (a) 2 (b) and (a) 6 as debtor made no representations to Appellee.
> II. (B) Whether the bankruptcy court erred in applying the standard of proof required for there to be Fraud under 11 USC 523 (a) 2 (a), (a) 2 (b) and (a) 6 as Appellee had no justifiable reliance.

(Appellant's Br. at 18–19.) None of these three arguments concerns whether the Bankruptcy Court erred in concluding Appellant had the intent to deceive Appellee, as Appellant now argues. (*See id.*) As such, this argument is untimely and outside the scope of a motion for rehearing as Appellant has not identified issues with the Court's Order but instead seeks to raise new arguments. *See In re Kenny G Enterprises, LLC*, 708 Fed. Appx. at 390.

### III.     **Justifiable Reliance**

Finally, Appellant's Motion is denied on the issue of justifiable reliance. Appellant has not shown that the Court failed to consider an issue of fact or law in concluding that the Bankruptcy Court had not erred in finding Appellee had justifiably relied on Appellant's Misrepresentations.

Appellant argues that the Court erred in upholding the Bankruptcy Court's finding that Appellee justifiably relied on Appellant's misrepresentations as Appellee was an attorney with many years of experience. Appellant cites *In re Kirsch (Kirsch)*, 973 F.2d 1454 (9th Cir. 1992) to argue that the Court erred in applying "the wrong standard" as Appellee was an experienced attorney and investor and should not be held to the standard "an ordinary person". (Appellant's Mot. 7–8.)

The Bankruptcy Court considered Appellee's status as an experienced attorney and investor in reaching its decision (Appellee's Excerpts of R. (ECF No. 7-1) at 212–13), as did this Court when it upheld the Bankruptcy Court's decision (*see* ECF No. 20 at 14 ("As noted by the Bankruptcy Court in its ruling, Malysiak was purportedly a lawyer of thirty years and an investor with above-average experience.")). The Bankruptcy Court found that while Appellee had a higher degree of knowledge, the "red flags" present were not so obvious that Appellee's failure to recognize them made his reliance not justifiable. (*Id.* at 212–213.) The Court found that the Bankruptcy Court had not committed clear error in reaching this decision. (ECF No. 20 at 15.)

The Ninth Circuit's decision in *Kirsch*, on which Appellant relies, does not show that the Bankruptcy Court's decision was in clear error. In *Kirsch*, the lender in question was aware the borrowers were heavily in debt and unable to make payments on other outstanding loans but still elected to forego a title report despite knowing through his extensive relevant experience that getting such a report would be simple and inexpensive. *Kirsch*, 973 F.2d at 1461. While the Ninth Circuit found that the lender there was not acting in justifiable reliance, *see id.*, this does not mean the

1  Bankruptcy Court's decision that this case was clearly erroneous as the factual
2  backgrounds of these cases are distinct.  Most notably, the lender in *Kirsch* was fully
3  aware that the borrowers were in financial trouble, knew that they were unable to pay
4  their debts, and lent the borrowers money specifically to relieve the financial strain
5  they were under.  *Id*.  Here, the "red flags" are far more subtle and the Bankruptcy
6  Court did not err in determining that they were not so obvious that Appellee could
7  not have justifiably relied on Appellant's misrepresentations.  Thus, the Bankruptcy
8  Court's decision was not in clear error and Appellant has not shown that this Court
9  failed to consider all relevant information in rendering its decision.  *In re Hessco*
10 *Industries, Inc.*, 295 B.R. at 375.  Accordingly, Appellant's Motion (ECF No. 22) will be
11 denied.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that Appellant's Motion for Reconsideration (ECF No. 22) is DENIED.

IT IS SO ORDERED.

Dated:  **April 16, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – schmidt23cv00233.Bankr_Appeal.MFR